WILSON, District Judge,
concurring specially:
I concur in the decision of the court but write separately to note one matter. In the district court, von Drehle counterclaimed against Georgia-Pacific for violations of § 1 of the Sherman Act, 15 U.S.C. § 1, and § 3 of the Clayton Act, 15 U.S.C. § 14, allegedly carried out through illegal tying arrangements in “the away from home market in the United States for ‘hands free’ (or ‘touchless’) dispensers of hard wound paper towels (the ‘tying product’), and the market for hard wound paper towels (the ‘tied product’).... ” (J.A. at 228.) The district court granted Georgia-Pacifie’s motion for summary judgment on the Clayton Act claim because “end users [were] purchasing paper towels for the enMotion dispenser from von Drehle,” and consequently there was no “evidence of actual coercion by the seller that forced the buyer to accept the tied product.” (J.A. at 452-453.) It granted summary judgment on the Sherman Act claim because “von Drehle has competed favorably with GP in the sale of paper towels for the enMotion dispenser” and could show no injury. (J.A. at 453.) Of course, should Georgia-Pacific prevail on its Lanham Act or tortious interference claims on remand, the district court’s reasoning would retain no vitality. But von Drehle did not cross-appeal on this issue, and the matter will have to play out (if it is to play out at all) on another day and, perhaps, on a different stage.